UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA : PRELIMINARY ORDER OF
: <u>FORFEITURE/MONEY JUDGMENT</u>
    - v. -
: S5 11 Cr. 62 (PAC)
DONNA LEVY,
:
      Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about June 28, 2012, DONNA LEVY (the "defendant"), among others, was charged in a Twelve Count Superseding Indictment, S5 11 Cr. 62 (PAC) (the "Indictment"), with conspiracy to commit securities and wire fraud, in violation of Title 18, United States Code, Section 371 (Counts One and Six); and securities fraud in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, and Title 18, United States Code, Section 2 (Counts Two and Three and Seven through Eleven);

        WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of one or more of the offenses alleged in Counts One through Four and Six through Eleven of the Indictment, including but not limited to the following:

        a)    At least $14 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a

result of the offenses alleged in Counts one through Four and Six through

Eleven of the Indictment;

b) The real property and appurtances, with all improvements and attachments

thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305;

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of one or more of the offenses alleged in Counts Five and Twelve of the Indictment, including but not limited to the following:

a) At least $14 million in United States currency, in that such sum in

aggregate is property representing the amount of proceeds obtained as a

result of the offenses alleged in Counts one through Four and Six through

Eleven of the Indictment;

b) The real property and appurtances, with all improvements and attachments

thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305

(together, the "Indictment properties");

WHEREAS, on March 3, 2013, the Government filed a Forfeiture Bill of Particulars providing notice that the property subject to forfeiture (i) as a result of the offenses described in Counts One through Four and Six through Nine of the Indictment, as alleged in the Forfeiture Allegations and/or the Substitute Assets Provisions in the Indictment, includes, but is not limited to, One 2009 Bentley Continental automobile with VIN SCBBP93W09C061193, One 2008 Fleetwood Revolution LE Class A Motor Home with VIN 4VZBT1D958C066518; and all funds on deposit in Account Number 0359823564, held in the name of DML Marketing

Corp., at BankUnited; and (ii) as a result of the offense described in Count Five of the Indictment, as alleged in the Forfeiture allegations and/or the Substitute Assets provisions in the Indictment, includes but is not limited to, the interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01122000037 held in the name of Udino Investment, Inc., at Capital Bank, Panama and the interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01506010885 held in the name of Bluefin Financial Group, at Capital Bank, Panama (the items described in subsections (i) and (ii) of this paragraph and the Indictment properties, together, are the "Subject Property");

WHEREAS, on or about March 21, 2013, the defendant was found guilty following a jury trial before Judge Paul A. Crotty on each and every count of the Indictment with which she was charged; and

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1) As a result of the offenses charged in the Indictment, of which the defendant was found guilty, a money judgment in the amount of **$5,047,576** in United States currency (the "Money Judgment") shall be entered against the defendant.

2) As a result of the offenses charged in the Indictment, all of the defendant's right, title and interest in the following Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States code, Section 853:

  a) The real property and appurtances, with all improvements and attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305;

  b) One 2008 Fleetwood Revolution LE Class A Motor Home with VIN 4VZBT1D958C066518;

  c) One 2009 Bentley Continental automobile with VIN SCBB93W09C061193;

  d) all funds on deposit in Account Number 0359823564, held in the name of DML Marketing Corp., at BankUnited;

  e) the interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01122000037 held in the name of Udino Investment, Inc., at Capital Bank, Panama; and

  f) the interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01506010885 held in the name of Bluefin Financial Group, at Capital Bank, Panama

(together, the "Subject Property").

3) Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, this Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, DONNA LEVY and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4) Upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Subject Property and hold the Subject Property in its secure, custody and control. Upon specific written direction by the United States Marshals Service (or its designee) only, to be provided at the sole discretion of the United States Marshals Service (or its designee), BankUnited, N.A. and Capital Bank, Panama, must:

    a. Liquidate some or all of the accounts included in the Subject Property by converting the contents to cash; and/or

    b. Transfer the contents of the accounts included in the Subject Property to the Seized Asset Deposit Fund (to be held pending the issuance of a Final Order of Forfeiture); and/or

    c. provide to the United States Marshals Service (or its designee) any and all records, including account statements and subsidiary documentation supporting any transactions listed, from the time of restraint pursuant to this Order until the final liquidation of the accounts.

5) Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture/Money

5

Judgment. Any person, other than the defendant in this case, claiming an interest in the Subject Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6) This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7) Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8) Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9) All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

10) Upon execution of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service (or

its designee) shall be authorized to deposit all payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11) The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

12) Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13) The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Sharon Cohen Levin, Chief of the Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

Dated:   New York, New York
         February   , 2014

SO ORDERED:

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE