UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                                   :
UNITED STATES OF AMERICA                             FINAL ORDER OF FORFEITURE
                                                                   :
        - v. -                                       S5 11 Cr. 62 (PAC)
                                                                   :      ┌──────────────────────────────┐
DAVID LEVY, and                                                          │ USDC SDNY                     │
DONNA LEVY,                                                        :      │ DOCUMENT                      │
                                                                         │ ELECTRONICALLY FILED          │
        Defendants.                                               :      │ DOC #: _____           │
                                                                         │ DATE FILED: 1 - 6 - 16        │
                                                                         └──────────────────────────────┘
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

        WHEREAS, on or about June 28, 2013, DAVID LEVY, among others, was charged in a

Twelve Count Superseding Indictment, S5 11 Cr. 62 (PAC) (the "Indictment"), with conspiracy to commit

securities and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities

fraud in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal

Regulations, Sections 240.10b-5 and 240.10b5-2, and Title 18, United States Code, Section 2 (Counts

Two through Four); and conspiracy to commit money laundering in violation of Title 18, United States

Code, Section 1956(h) (Count Five);

        WHEREAS, on or about June 28, 2013, DONNA LEVY (DONNA LEVY and DAVID

LEVY, together, are the "defendants") among others, was charged in the Indictment, with conspiracy to

commit securities and wire fraud, in violation of Title 18, United States Code, Section 371 (Counts One

and Six); and securities fraud in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title

17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, and Title 18, United States Code,

Section 2 (Counts Two and Three and Seven through Eleven);

        WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to

the United States, pursuant to Title 21, United States Code, Section 853, of any and all property

constituting or derived from any proceeds obtained directly or indirectly as a result of the offense

1

and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of one or more of the offenses alleged in Counts One through Four and Six through Eleven of the Indictment, including but not limited to the following:

a)   At least $14 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses alleged in Counts one through Four and Six through Eleven of the Indictment; and

b)   The real property and appurtenances, with all improvements and attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305;

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of one or more of the offenses alleged in Counts Five and Twelve of the Indictment, including but not limited to the following:

a)   At least $14 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses alleged in Counts Five and Twelve of the Indictment; and

b)   The real property and appurtenances, with all improvements and attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305

;

2

WHEREAS, on March 3, 2013, the Government filed a Forfeiture Bill of

Particulars providing notice that the property subject to forfeiture (i) as a result of the offenses

described in Counts One through Four and Six through Nine of the Indictment, as alleged in the

Forfeiture Allegations and/or the Substitute Assets Provisions in the Indictment, includes, but is

not limited to, One 2009 Bentley Continental automobile with VIN SCBBP93W09C061193,

One 2008 Fleetwood Revolution LE Class A Motor Home with VIN 4VZBT1D958C066518;

and all funds on deposit in Account Number 0359823564, held in the name of DML Marketing

Corp., at BankUnited (the "DML Marketing Account"); and (ii) as a result of the offense

described in Count Five of the Indictment, as alleged in the Forfeiture allegations and/or the

Substitute Assets provisions in the Indictment, includes but is not limited to, the interests of

DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01122000037 held in

the name of Udino Investment, Inc., at Capital Bank, Panama (the "Udino Account") and the

interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number

01506010885 held in the name of Bluefin Financial Group, at Capital Bank, Panama (the

"Bluefin Account") (the DML Marketing Account, the Udino Account and the Bluefin Account

together are the "Subject Property");

WHEREAS, on or about March 21, 2013, the defendants were found guilty

following a jury trial before Judge Paul A. Crotty on each and every count of the Indictment with

which they were respectively charged;

WHEREAS, on or about January 28, 2014, this Court entered a Preliminary Order

of Forfeiture/Money Judgment against DAVID LEVY (i) imposing a Money Judgment of

$12,008,037 in United States currency against the defendant; and (ii) forfeiting all of his right,

title and interest in, among other items, the Subject Property;

WHEREAS, on or about March 18, 2014, this Court entered a Preliminary Order of Forfeiture/Money Judgment against DONNA LEVY (i) imposing a Money Judgment of $5,047,576 in United States currency against the defendant; and (ii) forfeiting all of his right, title and interest in, among other items, the Subject Property (the Preliminary Orders of Forfeiture/Money Judgments entered against the Defendants are attached hereto as Exhibit A);

WHEREAS, notice of forfeiture was posted on an official Government Internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on December 23, 2014, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on or about December 18, 2015 (a copy of which is attached hereto as Exhibit B);

WHEREAS, on or about September 4, 2015, letter notice was also mailed by certified mail, return receipt requested, to Bluefin Financial Group, c/o Joseph Saranello; Udino Investment, Inc., c/o Joseph Saranello; and DML Marketing Corp., c/o Donna Levy;

WHEREAS, the Government subsequently received United States Postal Service green return receipt cards indicating that the mailed notices had been delivered;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of the forfeiture or receipt of notice of the forfeiture as set forth in 21 U.S.C. § 853(n)(2); and

WHEREAS, thirty (30) days have expired since final publication of notice and the receipt of letter notices and no petitions have been filed to contest the forfeiture of the Subject Property;

4

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Subject Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to 21 U.S.C. § 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Subject Property.

3.      The United States Marshals Service (or a designee) shall take possession of the Subject Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

4.      The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Jason H. Cowley, Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       Jan. 6,        2016

SO ORDERED:

HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5

# Exhibit A

Case 1:11-cr-00062-PAC  Document 457  Filed 01/06/16  Page 7 of 25
Case 1:11-cr-00062-PAC  Document 456-1  Filed 01/05/16  Page 7 of 25
Case 1:11-cr-00062-PAC  Document 350  Filed 01/28/14  Page 1 of 7

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1 - 27 - 14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------- x
                                  :
UNITED STATES OF AMERICA          :     PRELIMINARY ORDER OF
                                  :     FORFEITURE/MONEY JUDGMENT
        - v. -                    :
                                  :     S5 11 Cr. 62 (PAC)
DAVID LEVY,                       :
                                  :
            Defendant.            :
                                  :
-------------------------------- x

WHEREAS, on or about June 28, 2013, DAVID LEVY (the "defendant"), among

others, was charged in a Twelve Count Superseding Indictment, S5 11 Cr. 62 (PAC) (the

"Indictment"), with conspiracy to commit securities and wire fraud, in violation of Title 18,

United States Code, Section 371 (Count One); securities fraud in violation of Title 15, United

States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Sections 240.10b-5

and 240.10b5-2, and Title 18, United States Code, Section 2 (Counts Two through Four); and

conspiracy to commit money laundering in violation of Title 18, United States Code, Section

1956(h) (Count Five);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to

the United States, pursuant to Title 21, United States Code, Section 853, of any and all property

constituting or derived from any proceeds obtained directly or indirectly as a result of the offense

and any and all property used or intended to be used in any manner or part to commit or to

facilitate the commission of one or more of the offenses alleged in Counts One through Four and

Six through Eleven of the Indictment, including but not limited to the following:

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 8 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 8 of 25
Case 1:11-cr-00062-PAC Document 350 Filed 01/28/14 Page 2 of 7

      a)     At least $14 million in United States currency, in that such sum in
aggregate is property representing the amount of proceeds obtained as a
result of the offenses alleged in Counts one through Four and Six through
Eleven of the Indictment;

      b)    The real property and appurtances, with all improvements and attachments
thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305.

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to

the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,
United States Code, Section 2461, of all property, real and personal, that constitutes or is derived
from proceeds traceable to the commission of one or more of the offenses alleged in Counts Five
and Twelve of the Indictment, including but not limited to the following:

      a)     At least $14 million in United States currency, in that such sum in
aggregate is property representing the amount of proceeds obtained as a
result of the offenses alleged in Counts one through Four and Six through
Eleven of the Indictment;

      b)    The real property and appurtances, with all improvements and
attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale,
Florida 33305

(together, the "Indictment properties");

WHEREAS, on March 3, 2013, the Government filed a Forfeiture Bill of

Particulars providing notice that the property subject to forfeiture (i) as a result of the offenses
described in Counts One through Four and Six through Nine of the Indictment, as alleged in the
Forfeiture Allegations and/or the Substitute Assets Provisions in the Indictment, includes, but is

2

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 9 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 9 of 25
Case 1:11-cr-00062-PAC   Document 350   Filed 01/28/14   Page 3 of 7

not limited to, One 2009 Bentley Continental automobile with VIN SCBBP93W09C061193,

One 2008 Fleetwood Revolution LE Class A Motor Home with VIN 4VZBT1D958C066518;

and all funds on deposit in Account Number 0359823564, held in the name of DML Marketing

Corp., at BankUnited; and (ii) as a result of the offense described in Count Five of the

Indictment, as alleged in the Forfeiture allegations and/or the Substitute Assets provisions in the

Indictment, includes but is not limited to, the interests of DONNA LEVY and DAVID LEVY,

the defendants, in Account Number 01122000037 held in the name of Udino Investment, Inc., at

Capital Bank, Panama and the interests of DONNA LEVY and DAVID LEVY, the defendants,

in Account Number 01506010885 held in the name of Bluefin Financial Group, at Capital Bank,

Panama (the items described in subsections (i) and (ii) of this paragraph and the Indictment

properties, together, are the "Subject Property");

WHEREAS, on or about March 21, 2013, the defendant was found guilty

following a jury trial before Judge Paul A. Crotty on each and every count of the Indictment with

which he was charged; and

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6)

of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any

assertion of third-party claims, to reduce the Subject Property to its possession and to notify any

person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1)      As a result of the offenses charged in the Indictment of which the

defendant was found guilty, a money judgment in the amount of $12,008,037 in United States

currency (the "Money Judgment") shall be entered against the defendant.

3

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 10 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 10 of 25
Case 1:11-cr-00062-PAC   Document 350   Filed 01/28/14   Page 4 of 7

2)      As a result of the offenses charged in the Indictment, all of the defendant's

right, title and interest in the following Subject Property is hereby forfeited to the United States

for disposition in accordance with the law, subject to the provisions of Title 21, United States

code, Section 853:

> a) The real property and appurtances, with all improvements and
>    attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale,
>    Florida 33305;
>
> b) One 2008 Fleetwood Revolution LE Class A Motor Home with VIN
>    4VZBT1D958C066518; and
>
> c) One 2009 Bentley Continental automobile with VIN
>    SCBBP93W09C061193;
>
> d) all funds on deposit in Account Number 0359823564, held in the name
>    of DML Marketing Corp., at BankUnited;
>
> e) the interests of DONNA LEVY and DAVID LEVY, the defendants, in
>    Account Number 01122000037 held in the name of Udino Investment,
>    Inc., at Capital Bank, Panama; and
>
> f) the interests of DONNA LEVY and DAVID LEVY, the defendants, in
>    Account Number 01506010885 held in the name of Bluefin Financial
>    Group, at Capital Bank, Panama

(together, the "Subject Property").

3)      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure,

upon entry of this Preliminary Order of Forfeiture/Money Judgment, this Preliminary Order of

Forfeiture/Money Judgment is final as to the defendant, DAVID LEVY, and shall be deemed

4

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 11 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 11 of 25
Case 1:11-cr-00062-PAC Document 350 Filed 01/28/14 Page 5 of 7

part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4)     Upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Subject Property and hold the Subject Property in its secure, custody and control. Upon specific written direction by the United States Marshals Service (or its designee) only, to be provided at the sole discretion of the United States Marshals Service (or its designee), BankUnited, N.A. and Capital Bank, Panama, must:

> a.     Liquidate some or all of the accounts included in the Subject Property by converting the contents to cash; and/or
>
> b.     Transfer the contents of the accounts included in the Subject Property to the Seized Asset Deposit Fund (to be held pending the issuance of a Final Order of Forfeiture); and/or
>
> c.     provide to the United States Marshals Service (or its designee) any and all records, including account statements and subsidiary documentation supporting any transactions listed, from the time of restraint pursuant to this Order until the final liquidation of the accounts.

5)     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Subject Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 12 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 12 of 25
Case 1:11-cr-00062-PAC   Document 350   Filed 01/28/14   Page 6 of 7

6)       This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7)       Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8)       Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9)       All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

10)      Upon execution of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service (or its designee) shall be authorized to deposit all payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 13 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 13 of 25
Case 1:11-cr-00062-PAC Document 350 Filed 01/28/14 Page 7 of 7

11)     The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal

Rules of Criminal Procedure.

12)     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure,

upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's

Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable

property, including depositions, interrogatories, requests for production of documents and the

issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13)     The Clerk of the Court shall forward three certified copies of this

Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Sharon

Cohen Levin, Chief of the Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York,

10007.

Dated:     New York, New York
           January 28 2014

SO ORDERED:

HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

7

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 14 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 14 of 25
Case 1:11-cr-00062-PAC Document 369 Filed 03/18/14 Page 1 of 7

```
                                              USDC SDNY
                                              DOCUMENT
                                              EI ECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED:  3-18-14
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA                      PRELIMINARY ORDER OF
                                          :   FORFEITURE/MONEY JUDGMENT
        - v. -
                                          :   S5 11 Cr. 62 (PAC)
DONNA LEVY,
                                          :
        Defendant.
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about June 28, 2012, DONNA LEVY (the "defendant"),

among others, was charged in a Twelve Count Superseding Indictment, S5 11 Cr. 62 (PAC) (the

"Indictment"), with conspiracy to commit securities and wire fraud, in violation of Title 18,

United States Code, Section 371 (Counts One and Six); and securities fraud in violation of Title

15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Sections

240.10b-5 and 240.10b5-2, and Title 18, United States Code, Section 2 (Counts Two and Three

and Seven through Eleven);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to

the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461, of any and all property constituting or derived from any

proceeds obtained directly or indirectly as a result of the offense and any and all property used or

intended to be used in any manner or part to commit or to facilitate the commission of one or

more of the offenses alleged in Counts One through Four and Six through Eleven of the

Indictment, including but not limited to the following:

1

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 15 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 15 of 25
Case 1:11-cr-00062-PAC   Document 369   Filed 03/18/14   Page 2 of 7

a)  At least $14 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses alleged in Counts one through Four and Six through Eleven of the Indictment;

b)  The real property and appurtances, with all improvements and attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305;

WHEREAS, on March 3, 2013, the Government filed a Forfeiture Bill of

Particulars providing notice that the property subject to forfeiture (i) as a result of the offenses described in Counts One through Four and Six and Nine of the Indictment, as alleged in the Forfeiture Allegations and/or the Substitute Assets Provisions in the Indictment, includes, but is not limited to, One 2009 Bentley Continental automobile with VIN SCBBP93W09C061193, One 2008 Fleetwood Revolution LE Class A Motor Home with VIN 4VZBT1D958C066518; and all funds on deposit in Account Number 0359823564, held in the name of DML Marketing Corp., at BankUnited; and (ii) as a result of the offense described in Count Five of the Indictment, as alleged in the Forfeiture allegations and/or the Substitute Assets provisions in the Indictment, includes but is not limited to, the interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01122000037 held in the name of Udino Investment, Inc., at Capital Bank, Panama and the interests of DONNA LEVY and DAVID LEVY, the defendants, in Account Number 01506010885 held in the name of Bluefin Financial Group, at Capital Bank, Panama (the items described in subsections (i) and (ii) of this paragraph and the Indictment properties, together, are the "Subject Property");

2

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 16 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 16 of 25
Case 1:11-cr-00062-PAC Document 369 Filed 03/18/14 Page 3 of 7

WHEREAS, on or about March 21, 2013, the defendant was found guilty following a jury trial before Judge Paul A. Crotty on each and every count of the Indictment with which she was charged; and

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1) As a result of the offenses charged in the Indictment, of which the defendant was found guilty, a money judgment in the amount of $5,047,576 in United States currency (the "Money Judgment") shall be entered against the defendant.

2) As a result of the offenses charged in the Indictment, all of the defendant's right, title and interest in the following Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States code, Section 853:

> a) The real property and appurtances, with all improvements and attachments thereon, located at 3109 N.E. 23rd Court, Fort Lauderdale, Florida 33305 (the "Levy Residence");
>
> b) One 2008 Fleetwood Revolution LE Class A Motor Home with VIN 4VZBT1D958C066518;
>
> c) One 2009 Bentley Continental automobile with VIN SCBB93W09C061193;

3

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 17 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 17 of 25
Case 1:11-cr-00062-PAC   Document 369   Filed 03/18/14   Page 4 of 7

     d) all funds on deposit in Account Number 0359823564, held in the name

        of DML Marketing Corp., at BankUnited;

     e) the interests of DONNA LEVY and DAVID LEVY, the defendants, in

        Account Number 01122000037 held in the name of Udino Investment,

        Inc., at Capital Bank, Panama; and

     f) the interests of DONNA LEVY and DAVID LEVY, the defendants, in

        Account Number 01506010885 held in the name of Bluefin Financial

        Group, at Capital Bank, Panama

(together, the "Subject Property"), it being understood that forfeiture of the Levy Residence does

not include forfeiture of the Levys' personal property inside the Levy Residence, including

personal items (clothing, silverware, etc.) and furniture not attached to, or a fixed part of, the

Levy Residence, and that Donna Levy will he permitted to remove personal property from the

Levy Residence.

     3)     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure,

upon entry of this Preliminary Order of Forfeiture/Money Judgment, this Preliminary Order of

Forfeiture/Money Judgment is final as to the defendant, DONNA LEVY and shall be deemed

part of the sentence of the defendant, and shall be included in the judgment of conviction

therewith.

     4)     Upon entry of this Preliminary Order of Forfeiture/Money Judgment, the

United States Marshals Service (or its designee) is authorized to seize the Subject Property and

hold the Subject Property in its secure, custody and control. Upon specific written direction by

the United States Marshals Service (or its designee) only, to be provided at the sole discretion of

4

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 18 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 18 of 25
Case 1:11-cr-00062-PAC Document 369 Filed 03/18/14 Page 5 of 7

the United States Marshals Service (or its designee), BankUnited, N.A. and Capital Bank,

Panama, must:

> a. Liquidate some or all of the accounts included in the Subject Property by converting the contents to cash; and/or
>
> b. Transfer the contents of the accounts included in the Subject Property to the Seized Asset Deposit Fund (to be held pending the issuance of a Final Order of Forfeiture); and/or
>
> c. provide to the United States Marshals Service (or its designee) any and all records, including account statements and subsidiary documentation supporting any transactions listed, from the time of restraint pursuant to this Order until the final liquidation of the accounts.

5) Pursuant to Title 21, United States Code, Section 853(n)(1), Rule

32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii)

of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

United States shall publish for at least thirty (30) consecutive days on the official government

internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture/Money

Judgment. Any person, other than the defendant in this case, claiming an interest in the Subject

Properties must file a petition within sixty (60) days from the first day of publication of the

notice on this official government internet site, or no later than thirty-five (35) days from the

mailing of actual notice, whichever is earlier.

6) This notice shall state that the petition shall be for a hearing to adjudicate

the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the

petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's

right, title and interest in the Subject Property and any additional facts supporting the petitioner's

claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5

Case 1:11-cr-00062-PAC  Document 457  Filed 01/06/16  Page 19 of 25
Case 1:11-cr-00062-PAC  Document 456-1  Filed 01/05/16  Page 19 of 25
Case 1:11-cr-00062-PAC  Document 369  Filed 03/18/14  Page 6 of 7

7)     Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal

Procedure, the Government shall send notice to any person who reasonably appears to be a

potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8)     Upon adjudication of all third-party interests, this Court will enter a Final

Order of Forfeiture with respect to the Subject Property pursuant to Title 21, United States Code,

Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all

third-party interests will be addressed.

9)     All payments on the outstanding Money Judgment shall be made by postal

money order, bank or certified check, made payable, in this instance, to the United States

Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District

of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007,

and shall indicate the defendant's name and case number.

10)    Upon execution of this Preliminary Order of Forfeiture/Money Judgment,

and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service (or

its designee) shall be authorized to deposit all payments on the Money Judgment in the Assets

Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11)    The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal

Rules of Criminal Procedure.

12)    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure,

upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's

Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 20 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 20 of 25
Case 1:11-cr-00062-PAC   Document 369   Filed 03/18/14   Page 7 of 7

property, including depositions, interrogatories, requests for production of documents and the

issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13)     The Clerk of the Court shall forward three certified copies of this

Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Sharon

Cohen Levin, Chief of the Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York,

10007.

Dated:      New York, New York
            _____*March IY*_____, 2014

SO ORDERED:

_____

HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

7

# Exhibit B

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 22 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 22 of 25
Case 1:11-cr-00062-PAC   Document 454   Filed 12/18/15   Page 1 of 4

PREET BHARARA
United States Attorney for the
Southern District of New York
By: HOWARD S. MASTER
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2248

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,          :

                                   :        DECLARATION OF PUBLICATION
        -v-
                                   :        S5 11 Cr. 62 (PAC)

DAVID LEVY, et al.,                :

                Defendants.        :
------------------------------x

I, HOWARD S. MASTER, pursuant to Title 28, United States
Code, Section 1746, hereby declare under penalty of perjury, that:

1.      I am an Assistant United States Attorney in the office
of the United States Attorney for the Southern District of New York;

2.      Attached to this declaration are (1) a true and
correct copy of a notice of criminal forfeiture in this action, and (2)
a true and correct copy of an Advertisement Certification Report,
indicating that the aforementioned notice was posted on an official
government internet site (www.forfeiture.gov) for at least 30
consecutive days, beginning on December 23, 2014 as required by Rule
G(4)(a)(iv)(C)of the Supplemental Rules for Admiralty or Maritime
Claims and Asset Forfeiture Actions; and

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 23 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 23 of 25
Case 1:11-cr-00062-PAC   Document 454   Filed 12/18/15   Page 2 of 4

         3.    Both of the documents were obtained from a

Consolidated Asset Tracking System maintained by the Department of

Justice.

Dated:    New York, New York
           December 18, 2015

                           /s/
                      HOWARD S. MASTER
                      Assistant United States Attorney

Case 1:11-cr-00062-PAC   Document 457   Filed 01/06/16   Page 24 of 25
Case 1:11-cr-00062-PAC   Document 456-1   Filed 01/05/16   Page 24 of 25
Case 1:11-cr-00062-PAC   Document 454   Filed 12/18/15   Page 3 of 4

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### COURT CASE NUMBER: S5 11 CR 62 (PAC); NOTICE OF FORFEITURE

Notice is hereby given that on January 24, 2014, in the case of U.S. v. David Levy et al, Court Case Number S5 11 CR 62 (PAC), the United States District Court for the Southern District of New York entered an Order condemning and forfeiting the following property to the United States of America:

All funds on deposit in Account Number 0359823564, held in the name of DML Marketing Corp., at Bank United; (14-DEA-606592)

All funds in Account Number 01506010885 held in the name of Bluefin Financial Group, at Capital Bank, Panama (14-DEA-606594)

All funds in Account Number 01122000037 held in the name of Udino Investment, Inc., at Capital Bank;(14-DEA-606596)

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (December 23, 2014) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). The petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY 10007, and a copy served upon Assistant United States Attorney Andrew Goldstein, One St. Andrew's Plaza, New York, NY 10007. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

Case 1:11-cr-00062-PAC Document 457 Filed 01/06/16 Page 25 of 25
Case 1:11-cr-00062-PAC Document 456-1 Filed 01/05/16 Page 25 of 25
Case 1:11-cr-00062-PAC Document 454 Filed 12/18/15 Page 4 of 4



### Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between December 23, 2014 and January 21, 2015. Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. David Levy et al

**Court Case No:** S5 11 CR 62 (PAC)
**For Asset ID(s):** See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 12/23/2014 | 24.0 | Verified |
| 2 | 12/24/2014 | 23.9 | Verified |
| 3 | 12/25/2014 | 24.0 | Verified |
| 4 | 12/26/2014 | 24.0 | Verified |
| 5 | 12/27/2014 | 24.0 | Verified |
| 6 | 12/28/2014 | 24.0 | Verified |
| 7 | 12/29/2014 | 24.0 | Verified |
| 8 | 12/30/2014 | 24.0 | Verified |
| 9 | 12/31/2014 | 24.0 | Verified |
| 10 | 01/01/2015 | 24.0 | Verified |
| 11 | 01/02/2015 | 23.9 | Verified |
| 12 | 01/03/2015 | 24.0 | Verified |
| 13 | 01/04/2015 | 24.0 | Verified |
| 14 | 01/05/2015 | 24.0 | Verified |
| 15 | 01/06/2015 | 24.0 | Verified |
| 16 | 01/07/2015 | 24.0 | Verified |
| 17 | 01/08/2015 | 24.0 | Verified |
| 18 | 01/09/2015 | 24.0 | Verified |
| 19 | 01/10/2015 | 24.0 | Verified |
| 20 | 01/11/2015 | 24.0 | Verified |
| 21 | 01/12/2015 | 24.0 | Verified |
| 22 | 01/13/2015 | 23.9 | Verified |
| 23 | 01/14/2015 | 23.9 | Verified |
| 24 | 01/15/2015 | 24.0 | Verified |
| 25 | 01/16/2015 | 24.0 | Verified |
| 26 | 01/17/2015 | 24.0 | Verified |
| 27 | 01/18/2015 | 24.0 | Verified |
| 28 | 01/19/2015 | 24.0 | Verified |
| 29 | 01/20/2015 | 24.0 | Verified |
| 30 | 01/21/2015 | 23.9 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.